COLLAZO, RECURRENTE, *v.* EL REGISTRADOR DE GUAYAMA, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Guayama denegando la inscripción de un expediente de dominio.

No. 369.—Resuelto en junio 28, 1918.

DOMINIO—INSCRIPCIÓN DEL DOMINIO ESTANDO INSCRITA LA POSESIÓN.—Cuando no hay intereses opuestos, cuando una corte competente, con pleno conocimiento de todas las circunstancias, al aprobar un expediente de dominio, expresamente convierte en título de dominio la posesión inscrita en el registro a favor del promovente y del dueño anterior de la finca de que se trata, sin ordenar la cancelación de ningún asiento y sin la posibilidad de perjudicar a terceros, el mero hecho de que aparezcan en el registro dichas inscripciones anteriores de la posesión no es motivo para denegar la inscripción del decreto.

SENTENCIA FIRME—RENUNCIA DEL DERECHO DE APELACIÓN.—Renunciado por el Fiscal su derecho a interponer apelación en un expediente de dominio, tal renuncia hace que la resolución sea firme.

Los hechos están expresados en la opinión.

Abogados del recurrente: *Sres. López Tord & Zayas Pizarro.*

El Registrador recurrido, Sr. Pedro Gómez Laserre, no compareció.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

El apelante promovió un expediente de dominio para

acreditar el título de dominio que tenía sobre determinada finca, cuya posesión aparecía inscrita a su nombre y a nombre de su anterior dueño.

La parte pertinente de la resolución de la corte de distrito reza como sigue:-

"Por CUANTO, de la prueba practicada resulta debidamente justificado que el promovente, estando casado con doña Dolores Rivera, adquirió el inmueble antes descrito, sobre el cual no pesa carga ni gravamen alguno y que tiene un valor de ciento ochenta dollars, por compra a don Juan Colón y González, según escritura pública ante el notario que fué de Coamo don Felipe Rodríguez, fecha 31 de julio de 1909, y don Juan Colón la había adquirido hace más de veinte años por compra ocho cuerdas y media a Gil Rodríguez, y el restante de ocho cuerdas por compra a Robustino Cartegena; y Gil Rodríguez y Robustino Cartagena habían poseído dichas porciones por más de diez años, haciéndose constar que el don Juan Colón González acreditó a su favor la posesión de dicho inmueble, según expediente aprobado por la Corte Municipal de Salinas de fecha 20 de julio de 1909 y fué inscrita dicha finca en el Registro de la Propiedad de Guayama, al folio 1, tomo 13 de Salinas, finca número 613, encontrándose inscrita dicha posesión actualmente a favor del peticionario, pero no existiendo título de dominio alguno inscribible en el registro de la propiedad de la misma.

"'Por CUANTO, aparece asimismo de la prueba presentada, que tanto el promovente como los anteriores dueños de la descrita finca, han poseído la misma desde las fechas antes indicadas, quieta y pacíficamente, sin interrupción de clase alguna, be buena fe y mediante justo título, en concepto de dueños y de una manera pública.

  \*  \*  \*  \*  \*  \*  \*

"Por TANTO, la corte resuelve que debe declarar y declara, justificado el dominio pleno de la descrita finca, a favor del promovente Fidel Collazo y Rivera, ordenando al registrador de la propiedad del partido la inscripción del descrito inmueble a favor de dicho promovente, mediante copia certificada que de esta sentencia se expedirá oportunamente, debiendo la inscripción posesoria de dicha finca, consolidarse en la de dominio que por la presente se decreta a favor del promovente, única ésta que debe subsistir."

El registrador denegó la inscripción de la resolución de la corte antes referida "*porque apareciendo del registro que*

*el promovente tiene inscrita a su favor la posesión de la
finca a título de compra, no puede sin violar el espíritu así
como la letra del artículo 395 de la Ley Hipotecaria, instruir
el expediente de dominio a su favor.* Galindo, Leg. Hip.,
Tomo 4°., 660. *Santiago* v. *El Registrador de Ponce,* ——
D. P. R.  Hoja Suelta 519. *Se hace constar además el de-
fecto subsanable de no ser firme la resolución.*''

Galindo, según puede verse si se lee el texto citado, no
sostiene la teoría del registrador, sino que, siguiendo más
bien el espíritu que la letra de la ley, llega a la conclusión
opuesta:

''Aunque a tenor de la letra del artículo 404 sólo es aplicable al
caso de que el propietario *carezca* de título escrito, inspirándonos en
su espíritu, estimamos que es utilizable el procedimiento que esta-
blece, cuando a pesar de existir título escrito, éste no es inscribible
por impedirlo el artículo 20 de la ley.

''Tal acontece cuando, por ejemplo, se vende en juicio ejecutivo
un inmueble, y el juez en rebeldía del deudor otorga la escritura
por no estar inscrito dicho inmueble ni a nombre del deudor ni al
de otra persona.  En este caso, aunque existe título escrito, es como
si no existiera, bajo el punto de vista hipotecario, y no hay razón
para privar al propietario del derecho de inscribir el dominio me-
diante el procedimiento establecido en el artículo 404, que éste con-
cede al que carece de título escrito.

''Puede también ocurrir, y con más frecuencia, que el poseedor
de una finca la transmita a otro por título de compra.  Este último
adquirente tiene *título de dominio escrito,* por más que sólo le da
derecho a inscribir la posesión, que es lo que tiene inscrito su cau-
sante, y no puede, por ende, con arreglo a la letra del artículo 404,
instruir el expediente de dominio a su nombre.

''¿De qué medios podrá valerse para conseguir que la inscripción
posesoria se convierta en inscripción de dominio?  Dos se nos ocurren:
1°. que instruya el expediente para justificar que su causante tuvo
el dominio aunque carecía de título inscrito, y una vez declarado
por el juez, convertiráse la inscripción de posesión a favor de dicho
causante en inscripción de dominio, e *ipso facto* sufrirá igual con-
versión la del último adquirente; 2°., que éste, si llevare el tiempo
necesario para adquirir el dominio por prescripción, acumulando
el que hubiese poseído su causante, acuda a los tribunales para que

en uso de las facultades que el artículo 51 de la Ley de Enjuiciamiento Civil les confiere, proclamen la prescripción en el correspondiente juicio declarativo.''

En el caso de *Santiago* v. *El Registrador de Ponce,* resuelto en 7 de febrero último, *supra* (pág. 138), el promovente adquirió por compra en el año 1905 una finca de los herederos de Lorenzo Rodríguez que había fallecido en el 1898. No había inscripción alguna a nombre del peticionario ni a nombre de la sucesión y aparentemente la corte no tenía conocimiento alguno de la inscripción mencionada por el registrador en 1898 a nombre de Juan Lorenzo Rodríguez Ceda ni de ninguna otra persona que aparentemente ostentara algún interés. La resolución de la corte sencillamente declaró justificado a favor del promovente el dominio de la finca descrita en el escrito inicial y ordenó su inscripción en el registro a nombre del promovente. La única cuestión levantada en la apelación giró sobre la identidad de la finca. Con una ojeada que se dé sobre los hechos en los casos citados en el de *Santiago* v. *El Registrador,* bastará para distingirlos del que nos ocupa.

En este caso no hay intereses opuestos. El promovente tenía inscrita la posesión a su nombre en el registro y ésta fué expresamente consolidada en el dominio que se declaró justificado por la corte en su resolución. No se ordenó hacer cancelación de ningún asiento ni se causa perjuicio alguno a terceras personas que no hayan comparecido ante la corte.

El registrador no ha presentado alegato escrito y sólo nos explicamos el que haya mencionado el defecto subsanable con la hipótesis de que no se fijó en la certificación del secretario de la corte de distrito en que se hace constar que el fiscal había renunciado el derecho de interponer recurso de apelación.

Es de revocarse la nota del registrador.

*Revocada la nota del registrador.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.